UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEA MOQUETE, individually and on
behalf of all others similarly situated,

                 Plaintiff,

   v.

GNC HOLDINGS, LLC, a Foreign
Limited Liability Company, and DOES
1-10, inclusive,

               Defendant.

CASE NO. CV24-05393 BHS

ORDER

    This matter is before the Court on plaintiff Lea Moquete's motion to remand, Dkt. 10. Because the plaintiffs have suffered a sufficient injury in fact, the motion is denied.

## I.   BACKGROUND

    Lea Moquete filed a class action against GNC Holdings, its affiliates, and Does 1-10 in Pierce County Superior Court. Dkt. 1-2. She alleged that while she and other putative class members were GNC employees, the defendants failed to provide and properly compensate for meal and rest periods. *Id.* at 3. She also claimed the defendants violated the Equal Pay and Opportunity Act (EPOA), RCW 49.58.110, by failing to

1  include wage and benefits information in job postings. *Id.* In its Answer, GNC raised lack

2  of standing as an affirmative defense against the RCW 49.58.110 claims, arguing

3  Moquete and the putative members of the class did not suffer any injury in fact. Dkt. 5 at

4  14.

5        GNC timely removed the action to this Court under the Class Action Fairness Act

6  (CAFA), 28 U.S.C. § 1332(d). Dkt. 1. Moquete then filed an Amended Complaint

7  alleging only violations under RCW 49.58.110, withdrawing all other claims. Dkt. 9.

8        Moquete moves to remand, arguing that she does not have Article III standing to

9  assert in this Court her claim that GNC failed to disclose wage and benefits in job

10  postings. Dkt. 10. She cites similar cases so holding in this district and argues GNC's

11  Answer conceded that her claims do not assert an injury in fact. *Id.* at 6.

## II.   DISCUSSION

13        A defendant may remove any civil action brought in state court over which federal

14  district courts have original jurisdiction. 28 U.S.C. § 1441(a). Article III of the

15  Constitution limits federal jurisdiction to "Cases" and "Controversies." *FDA v. All. for*

16  *Hippocratic Medicine*, 602 U.S. 367, 378 (2024). A plaintiff must have standing—a

17  "personal stake in the dispute"—to pursue an action in federal court. *Id.* at 379; *Polo v.*

18  *Innoventions International, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). To establish

19  standing, the plaintiff must establish (1) injury in fact, (2) that the defendant caused, or

20  will cause, the injury, and (3) the requested relief would likely redress the injury. *All. for*

21  *Hippocratic Medicine*, 602 U.S. at 380.

22

A plaintiff suffers injury in fact if they experience a "concrete and particularized" "invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "injury must affect the plaintiff in a personal and individual way," *Id.* n.1, even in the context of a statutory violation. *Thole v. U.S. Bank N.A*, 590 U.S. 538, 544 (2020). Intangible injuries arising from the "omission of statutorily required information can constitute a distinct, concrete injury." *Magadia v. Wal-Mart Associates, Inc.*, 999 F.3d 668, 679 (9th Cir. 2021). However, such statutory violations do not automatically satisfy the injury in fact requirement. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016) ("[N]ot all inaccuracies [in violation of a statute] cause harm or present any material risk of harm.").

Courts in this Circuit use a two-part test to determine whether the violation of a statute results in a concrete harm. *Magadia*, 999 F.3d at 679. First, the Court decides "whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights)." *Id.* (quoting *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017)). If so, the Court evaluates "whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.*

In *Magadia*, the Ninth Circuit analyzed injury in fact in a similar situation. *Id.* at 678-89. There, the defendant failed to include certain information required by a California labor law on the plaintiffs' wage statements. *Id.* at 678. The court held the plaintiffs suffered concrete harm because (1) the statute protected "employees' concrete interest in receiving accurate information about their wages in their pay statements," and

1   (2) "without the mandated information, employees could not tell from their wage

2   statements how the company calculated their wages or which dates the paystub covered."

3   *Id.* at 679-80. It concluded that even if the defendant had paid its employees the correct

4   amount, without the required information on the wage statements, the employees suffered

5   "a real risk of harm." *Id.* at 680.

6       Moquete's claims are analogous to those in *Magadia*. In passing the EPOA, the

7   Washington legislature intended to promote equitable compensation for workers

8   regardless of their gender. RCW 49.58.005. Requiring the disclosure of salary

9   information in job postings advances this concrete interest. The absence of this required

10   information is relevant to Moquete and the putative class members because they suffered

11   a real risk of receiving unfair or lower wages based on their gender identity, as

12   contemplated by the statute.

13       As Moquete points out, other Judges in this District have previously concluded no

14   injury in fact exists for violations of RCW 49.58.110. *See Floyd v. DoorDash, Inc.*, No.

15   23-CV-1740-BJR, 2024 WL 2325128, at *2 (collecting cases). However, those cases

16   involved plaintiffs who did not specifically plead they had applied for the positions. *Id.*

17   *Floyd* concluded that a job posting without compensation can only cause harm if there is

18   a "bona fide applicant" who "applied for the job with good-faith intent, and as such

19   became personally exposed to the risk of harm caused by the violation." *Id.* Because

20   Moquete applied for and obtained a position at GNC, her claims establish injury in fact as

21   required for Article III standing.

22

ORDER - 4

1    Finally, Moquete's argument that GNC's Answer conceded lack of injury in fact is

2 not persuasive. Dkt. 10 at 6. In effect, Moquete contends GNC is estopped from arguing

3 the plaintiffs now have standing.

4    Judicial estoppel prevents a party from "prevailing in one phase of a case on an

5 argument and then relying on a contradictory argument to prevail in another phase."

6 *Zedner v. United States*, 547 U.S. 489, 504 (2006) (internal quotation marks omitted). It

7 requires the party to have "succeeded in persuading a court to accept that party's earlier

8 position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

9 The record does not indicate that any court has adjudicated GNC's affirmative defense of

10 lack of standing. While GNC's current position is certainly inconsistent with its Answer,

11 the Court concludes GNC is not estopped from now arguing that Moquete's claims

12 establish Article III standing.

### III.  ORDER

14    Therefore, it is hereby **ORDERED** that Moquete's motion to remand, Dkt. 10, is

15 **DENIED**.

16    Dated this 23rd day of October, 2024.

17

18    _____

19    BENJAMIN H. SETTLE
      United States District Judge

20

21

22